Case 1:20-cv-00164-LAG   Document 1   Filed 09/03/20   Page 1 of 10

Filed at 1:45 A M
9/3, 2020
BCL
Deputy Clerk, U.S. District Court
Middle District of Georgia

Plaintiff's Motion for Leave to File Amended Complaint and Memorandum of Law in Support

## Introduction        1:20-cv-164

Plaintiff Tynafred Campbell Federal Trade Commission (The "FTC" or Commission) respectfully moves the Court, pursuant to Rule 15 of the Federal Rules of Civil Procedure, for leave to file and AMENDED COMPLAINT, a copy of which is attached hereto. The new complaint maintains the counts and allegations against the same defendants from the Original complaint, but accounts for the significant factual and procedural developments that have occurred since the original complaints was filed, including (i) the consummation of the Transaction in December 2011 and (ii) the United States Supreme Court's unanimous ruling and remand order issued on February 19, 2013. April 3, 2013, Plaintiff and Defendants met and conferred, after which Defendants were provided an advance copy of the proposed Amended Complaint. As of filing, on April 9 2013, Defendants has not consented to the filing. Accordingly, Plaintiffs seeks court's Leave Amend, which should be granted for the reasons set forth below →

## Statement of Facts

On April 20, 2011, Plaintiffs filed a complaint for temporary restraining order and preliminary injunction in this Court, alleging that Phoebe Putney's proposed acquisition of Miriam Palmyra Park Hospital from HCA, Inc. would reduce competition substantially and allow the combined entity to raise prices for general acute care hospital services charged to commercial health plans in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and of-consummated Section 7 of the Clayton Act, 15 U.S.C. § 18, substantially harming patients, local employers, and employees. Defendants move to dismiss the action on grounds of state-action immunity. Defendants did not contest the Plaintiffs' claim that the acquisition of Palmyra would tend to create, if not actually create, a monopoly in the relevant market. Following a hearing that took place on June 13, 2011, this court granted Defendants' motion to dismiss, finding that state action immunity shielded the acquisition from federal antitrust scrutiny. The FTC appealed, and the Eleventh Circuit granted an injunction pending appeal.

On April 20, 2011, the FTC also issued an administrative complaint in this matter, which contained substantially similar allegations to those set forth in the district court complaint. Administrative proceedings began under Chief Administrative Law Judge Chappell, and a trial in the matter was scheduled to begin on September 19, 2011. On July 1, 2011, Defendants moved for a stay of the administrative proceedings and Plaintiff did not oppose that motion. On July 12, 2011, the FTC granted Defendants' unopposed motion to stay the administrative proceeding.

On December 9, 2011, the Eleventh Circuit affirmed this Court's order granting Defendants' Motion to dismiss and dissolved its injunction pending appeal. The Eleventh Circuit agreed with the FTC that "on the facts alleged, the joint operations of Memorial and Palmyra would substantially lessen competition or tend to create a monopoly" but affirmed this Court's ruling that state-action immunity applied to the acquisition. On December 15, 2011 Defendants consummated their acquisition of Palmyra.

The FTC petitioned the United States Supreme Court for certiorari, which was granted on June 25, 2012. Merits briefing was conducted through the fall and oral argument took place on November 26, 2012. On February 19, 2013, in a unanimous decision, the Supreme Court reversed the judgment of the Eleventh Circuit. In an opinion authored by Justice Sotomayor, the Supreme Court held that state action immunity did not immunize the Phoebe Putney/Palmyra transaction. Specifically, the court determined that the Eleventh Circuit applied the concept of "foreseeability"... too loosely", and that a State's policy to displace federal antitrust law must be the "inherent, logical, or ordinary result of the exercise of authority" granted by the state legislature. Notably, the Supreme Court also held that "(T)he case is not moot... because the district court on remand could enjoin Respondents from taking actions that would disturb the status quo and impede a final remedial decree." The Court further remanded the case for proceedings consistent with its opinion.

On February 22, 2013, following the United States Supreme Court's unanimous ruling that state-action immunity does not apply to Defendants' hospital acquisition, Plaintiff moved the commission to lift the stay of administrative proceeding issued on July 15, 2011. The Commission granted the motion to lift the stay on March 14, 2013 and directed Chief Administrative Law Judge Chappell to set a new hearing date as soon as practicable but in no circumstance later than July 1st, 2013. On March 19, 2013, Defendants filed a Motion to delay the start of the hearing to December 2013, which Plaintiff opposed. On April 3, 2013, the Commission denied Defendants' Motion to reschedule, noting that time is of the essence in this matter due to the Transaction's consummation, the significant amount of time that has already since passed, and the alleged injury to competition and consumers from the consummation of the Transaction that may already be taking place. As a matter of discretion, however, the Commission granted a three week extension, directing the Chief Administrative Law Judge to set a new hearing date no later than

August 5, 2013. At this time, discovery is ongoing and a plenary administrative trial on the merits of the transaction will begin on August 5, 2013. The merits trial will include up to 210 hours of live testimony.

## ARGUMENT

### Plaintiff Has Met The Standard For Obtaining Leave To File an Amended Complaint Under Federal Rule Of Civil Procedure 15

Pursuant to Federal Rule of Civil Procedure 15 (a)(2) "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The decision whether to grant leave to amend a pleading is within the sound discretion of the district court, but as this Court has aptly recognized, "this discretion is strictly circumscribed by the proviso that 'leave [should] be freely given when justice so requires.'" Therefore, a justifying reason must be apparent for denial of a motion to amend. "Unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to

permit denial."

In light of the significant factual and procedural developments since Plaintiffs filed suit in April 2011, good cause for amending the complaint is immediately apparent. Defendants will in no way be prejudiced if the changes are allowed at this point in the proceedings. Furthermore, there is no apparent reason for denying the motion to amend, as none of the factors that may militate against it is present in this case. Consistent with the liberal standard that applies to motions to amend under Rule 15(a)(2), the Court should therefore grant Plaintiffs' Motion.

Three pivotal events have transpired since dismissal of Plaintiffs' original complaint. First, in December 2011, upon the Eleventh Circuit's dissolution of its injunction pending appeal, Defendants consummated their acquisition of Palmyra. Second, on February 19, 2013, action immunity did not immunize the acquisition. Third, the Commission's administrative proceeding has been reinstated with expedited discovery underway and a full merits trial set to begin on August 5, 2013.

None of the factors that may militate against granting a motion to amend is present in this case. Plaintiff moved swiftly to file these papers once the Supreme Court's ruling issued and administrative proceedings resumed. Thus there is no undue delay in Plaintiff's request to amend. The newly-alleged facts were entirely unknown - and, in fact, not in existence - at the time the Commission filed its original complaint. Plaintiff is not seeking the amendment in bad faith or with a dilatory motive. The interests of judicial economy will undoubtedly be served by hearing all allegations properly before the court as set forth in Plaintiff's proposed amended complaint. The amendments are narrowly tailored to reflect the present circumstances and Plaintiff's present understanding of the case. In so doing, the action can more effectively proceed on the merits. Defendants will not suffer any undue prejudice by virtue of the Court's allowance of the proposed amendments. The determination of whether prejudice would occur often includes assessing whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories.

Defendants cannot be prejudiced, or caught off guard, by the new facts alleged by the Commission in the proposed amendment, since the defendants have first-hand knowledge of the roles that they played in the transaction at issue and the appellate proceedings described therein. The proposed amended complaint does not involve the addition of any new defendants, set forth any new claims, or raise any new legal theories. No prejudice would result to defendants in allowing the amendment under these circumstances.

Finally, Plaintiff's request to file an amended complaint is not futile as Plaintiff has alleged sufficient facts to state a claim for relief that is facially plausible. This was clearly recognized by the Eleventh Circuit, when it stated, "We agree with the Commission that, on the facts alleged, the joint operation of Memorial and Palmyra would substantially lessen competition or tend to create, if not create, a monopoly." Where the proposed amendment is not clearly futile, denying leave to amend on this ground is highly improper.

Accordingly, in the interest of justice, this court should grant Plaintiff's motion for leave to file the proposed amended complaint. The grant of this motion is particularly appropriate here given the clear absence of any substantial reason to deny leave to amend.

## CONCLUSION

For the reasons identified above, the Federal Trade Commission requests that the Court grant Plaintiff's motion for leave to file the proposed amended complaint.

Respectfully submitted this 7th day of August, 2020.

*[signature]*
#1000908664